IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD EATON,** | : | CIVIL ACTION NO. 3:24-CV-1169 |
| | : | |
| **Petitioner** | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **J. SAGE,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

  This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner Gerald Eaton seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to transfer him to a Residential Drug and Alcohol Program ("RDAP"). The petition will be dismissed because it does not present a cognizable claim.

**I.**  **Factual Background & Procedural History**

  Eaton is serving a 78-month sentence of imprisonment imposed by the United States District Court for the District of Massachusetts for wire fraud and mail fraud. (Doc. 8-2 at 1). He is housed in Lewisburg United States Penitentiary ("USP-Lewisburg"). (Id.) His projected release date is October 11, 2028. (Id.)

  Eaton filed this case on July 16, 2024. (Doc. 1). He seeks a writ of habeas corpus compelling the BOP to transfer him to the RDAP. (Id.) Respondent responded to the petition on August 19, 2024, arguing that it should be dismissed both because Eaton failed to exhaust administrative remedies and because his request to be placed in the RDAP is not a cognizable habeas corpus claim. (Doc. 8). Eaton filed a reply brief on August 28, 2024, making the petition ripe for review.

(Doc. 9). Eaton has since filed two supplemental exhibits. (Docs. 10-11). The case was reassigned to the undersigned on January 21, 2025.

**II.   Discussion**

Petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 may challenge not just the validity but also the "execution" of a petitioner's sentence. Woodall, 432 F.3d 235, 241 (3d Cir. 2005). To assert a habeas claim challenging the execution of a sentence, a petitioner must allege that the BOP's actions are "somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).[1]

Neither the Supreme Court nor the Third Circuit has decided in a precedential opinion whether a claim seeking transfer to the RDAP is a cognizable habeas claim challenging the execution of a sentence. In Chambers v. Warden Lewisburg USP, 852 F. App'x 648 (3d Cir. 2021), however, a panel of the Third

---

[1] This court recently distinguished Cardona in the context of habeas petitions seeking transfers to prerelease custody. See Al Haj v. LSCI-Allenwood Warden, No. 1:24-CV-1193, 2025 WL 1115751, at *2-4 (M.D. Pa. Apr. 15, 2025). The court noted that Cardona "limits the parameters of what claims may be brought to challenge the execution of a petitioner's sentence under Section 2241," but noted that "the issue of whether a claim challenging the BOP's refusal to transfer a petitioner to prerelease custody is cognizable in a Section 2241 petition was already decided" by Woodall, 432 F.3d at 235, and Vazquez v. Strada, 684 F.3d 431 (3d Cir. 2012). Because Woodall and Vazquez were earlier precedential holdings of the Third Circuit, the court reasoned, Cardona could not overrule them because it was a subsequent panel decision of the Third Circuit rather than an *en banc* decision. See Al Haj, 2025 WL 1115751, at *3. Thus, this court distinguished Cardona only in the limited circumstances presented by Woodall and Vazquez where a petition seeks a transfer to prerelease custody. See id. In all other circumstances, Cardona's language that a claim challenging the execution of a sentence must allege BOP action that is "somehow inconsistent with a command or recommendation in the sentencing judgment" controls. Cardona, 681 F.3d at 537.

2

Circuit held that claims seeking placement in RDAP are not cognizable habeas corpus claims and that the decision whether to place an inmate in RDAP is left to the discretion of the BOP under 18 U.S.C. § 3621. Several courts in this district have cited Chambers to reach the same conclusion. See, e.g., VanOchten v. United States, No. 1:25-CV-133, 2025 WL 1644370, at *1 (M.D. Pa. June 9, 2025) (Wilson, J.); Harvey v. Warden/Superintendent of USP Canaan, No. 1:21-CV-2150, 2022 WL 2292006, at *4-5 (M.D. Pa. June 24, 2022) (Kane, J.); Keitt v. Finley, No. 3:21-CV-1476, 2021 WL 5826196, at *2-3 (M.D. Pa. Dec. 8, 2021) (Mariani, J.).

This court agrees with Chambers and the decisions relying on it in this district. Absent a contrary order from the sentencing court, the decision whether to place an inmate in the RDAP is left to the discretion of the BOP. There is no allegation that the BOP's failure to place Eaton in the RDAP contravened an earlier order from his sentencing court. Thus, his petition seeking placement in the RDAP does not present a cognizable habeas corpus claim and this case will be dismissed.[2]

### III.  Conclusion

The petition for writ of habeas corpus is dismissed. An appropriate order shall issue.

/S/ KELI M. NEARY<br>
Keli M. Neary<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:    September 22, 2025

---

[2] The court does not address respondent's alternative argument that Eaton failed to exhaust administrative remedies.